JOHNSON, Chief Judge.
The defendant in this case was represented by the Public Defender’s Office— properly advised as to all the possibilities and consequences of a plea of guilty, including the lesser included offenses. He entered his plea of guilty with this knowledge. This was on October 3, 1968. The particular Assistant Public Defender representing the defendant up to and including October 3, 1968, the date of entry of his guilty plea, and who requested a presen-tence investigation, left the Public Defender’s Office and became an Assistant State Attorney on January 1, 1969. Because of the time consumed in the presen-tence investigation, the defendant was not brought up for sentencing until January 1969, and another member of the Public Defender’s Office was present and accompanying the defendant when he appeared before the court for sentencing.
At this stage of the proceedings there was nothing further to be done by the defense attorney having a bearing upon the guilt of the defendant.
The trial court adjudged him guilty and improperly sentenced him to years in prison, which exceeded the maximum sentence allowed by statute. This error was called to the trial court’s attention by motion to vacate filed February 3, 1969, which motion also moved for a withdrawal of the defendant’s plea of guilty. Shortly thereafter, February 14, 1969, the trial court entered an order directing that the defendant be returned from Raiford for the purpose of sentencing, the first sentence having been vacated pursuant to the motion. The motion for withdrawal of the plea of guilty was denied.
The principal contention made by appellant is that he was not properly represented by counsel because his counsel did not spend enough time discussing his case. We find no merit to this contention. When a guilty party admits to his attorney in private that he is guilty, we fail to see where any great length of time is needed for further discussion. It should not be necessary for the defendant to prove he is guilty, and in the case sub judice, the attorney representing the defendant at the time he entered his plea of guilty was familiar with the facts and did not require any additional proof other than the defendant’s admission to him of his guilt. The fact that the member of the Public Defender’s Office standing with the defendant at sentencing on January 9, 1969, was not familiar with the facts of the case was immaterial. 'The attorney representing the defendant in October, when he entered his guilty plea was the really material point of representation.
For the reasons stated, we find no merit in this appeal and the judgment and sentence appealed from are affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.